# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| MUBARAK H. IBRAHIM, | BK No. 23-07031 |
| Debtor, | Hon. Jacqueline P. Cox |
| GUS PALOIAN, not personally but solely in his capacity as the duly appointed chapter 7 trustee for the estate of MUBARAK H. IBRAHIM, | |
| Plaintiff, | |
| v. | Adv. No. _____ |
| ELEGANT PROPERTIES, INC., 9856 SOUTH CICERO LLC, OSAMA HALLAK, AHMAD HALLAK, IFTEKHAR SYED, and SYED KIRMANI, | Hon. Jacqueline P. Cox |
| Defendant. | |

## ADVERSARY COMPLAINT

Gus Paloian ("Trustee"), in his capacity as duly appointed chapter 7 trustee for the estate ("Estate") of Mubarak H. Ibrahim ("Debtor"), states as follows for his complaint against Defendants 9856 South Cicero LLC ("9856 South Cicero"), Elegant Properties, Inc. ("Elegant Properties"), Osama Hallak, Ahmad Hallak, Iftekhar Syed ("Syed"), and Syed Kirmani ("Kirmani").

### I.   Introduction

1.    In 2005, the Debtor sold the gas station at 9856 South Cicero Avenue in Oak Lawn, Illinois (the "Property") to a third party, St. Jude Oil Company, for $1.8 million.

2. In January 2010, the Debtor borrowed $5.2 million from Theodore Spyropoulos ("Spyropoulos"), evidenced by a demand note.

3. In 2014, the lender(s) for St. Jude Oil Company obtained a foreclosure judgment and sold the Property. On August 1, 2014, the Debtor's entity, Elegant Properties, acquired the Property after the foreclosure for $400,000. Elegant Properties was the Debtor's alter ego.

4. In September 2014, Spyropoulos died. And a trust established by Spyropoulos (the "Spyropoulos Trust") sought to enforce the note. The Spyropoulos Trust filed suit against the Debtor in March 2017.

5. After the Spyropoulos Trust filed suit, the Debtor and several Defendants in this case attempted to conceal from the Debtor's creditors his continued involvement with Elegant Properties. These Defendants included Defendants Osama Hallak and Ahmad Hallak, who are nephews of the Debtor.

6. In 2019, the Spyropoulos Trust obtained an $11.1 million judgment against the Debtor. The Debtor and other Defendants continued to conceal the Debtor's involvement in Elegant Properties after the judgment.

7. In May 2021, Elegant Properties sold the Property to Defendant 9856 South Cicero for only $670,000, or less than one half the amount a third party paid for the Property in 2005. The Trustee brings this lawsuit to recover the value of the fraudulent transfer of the additional value in the Property out of the Debtor's alter ego, Elegant Properties.

**II.    Parties and other relevant persons and entities**

8. The Debtor is a resident of the Northern District of Illinois. He filed the chapter 7 case identified in the caption on May 28, 2023.

9. The "Ibrahim Trust" is the Standard Bank and Trust Company Trust No. 17436. The Debtor was a beneficiary of the Trust and, on information and belief, completely controlled it. The Ibrahim Trust is not a party to this case.

10. Non-Party "St. Jude" is the St. Jude Oil Company, an Illinois corporation.

11. Defendant Elegant Properties is an Illinois corporation that, before it was dissolved, was owned by the Debtor.

12. Defendant Osama Hallak is the Debtor's nephew and was an officer of Elegant Properties.

13. Defendant Ahmad Hallak is the Debtor's nephew and was an officer of Elegant Properties.

14. Non-party "A2Z" is A2Z Petroleum, Inc., an Illinois corporation that conducted business at the Property.

15. Defendant "Syed" is Defendant Iftekhar Syed, a longtime employee and confederate of the Debtor and who has been involved in multiple businesses owned by the Debtor. He was the registered agent of Elegant Properties.

16. Defendant 9856 South Cicero is an Illinois LLC, owned by Defendant Kirmani.

17. Defendant Kirmani is a resident of Connecticut.

18. The "Spyropoulos Trust" is a trust established by Spyropoulos.

### III. Jurisdiction and venue

19. The Court has subject-matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is being heard by the Court pursuant to 28 U.S.C. § 157(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

20. This is a core proceeding under 28 U.S.C. § 157(b)(2).

21. If proceedings to avoid and recover fraudulent transfers are found to be core proceedings in which the Bankruptcy Court is unable to constitutionally enter final orders due to the holding in *Stern v Marshall*, 564 U.S. 462 (2011), this matter may be heard by the Bankruptcy Court under 28 U.S.C. § 157(c). *See Exec. Benefits Ins. Agency, Inc. v. Arkinson*, 573 U.S. 25 (2014).

22. The Trustee consents to the entry of a final order by this Court.

23. Pursuant to 28 U.S.C. §§ 1408 & 1409, this district is the proper venue for this adversary proceeding. The events from which this case arises occurred in the Northern District of Illinois.

### IV.  Facts relevant to all counts

24. On December 16, 2003, the Debtor and his wife acquired the Property as joint tenants for $465,000.

25. On information and belief, the Debtor exercised complete control over the Property. The Debtor's wife had no input into the use or direction of the Property.

26. On July 30, 2004, the Debtor caused the Property to be placed in the Ibrahim Trust.

27. However, even though the property was placed in the Ibrahim Trust, the Debtor retained complete control over the Property.

28. On June 2, 2005, the Debtor caused the Ibrahim Trust to convey the Property to non-party St. Jude for $1.8 million.

29. Thereafter, St. Jude took out several mortgages on the Property. One or more of the mortgage loans went into default.

30. On January 15, 2010, Spyropoulos loaned the Debtor $5,170,299, evidenced by a demand note with 8% annual interest. The note required payment within 30 days of demand on pain of default. The note had a default rate of 10%.

31. On June 10, 2010, St. Jude's lender(s) filed an action to foreclose on the Property.

32. In 2014, the lender(s) obtained a foreclosure judgment and sold the Property.

33. On August 1, 2014, the Debtor's entity, Elegant Properties, acquired the Property for $400,000 from 9856 S. Cicero LLC, a non-party entity that had obtained the Property after the foreclosure sale.

34. The business at the Property was conducted by A2Z, an entity controlled by the Debtor. That entity held the business license, and the Debtor was listed as the president and manager of A2Z on the license materials and as the contact with the Secretary of State.

35. At some point, Spyropoulos assigned the note to the Spyropoulos Trust.

36. On March 28, 2017, the Spyropoulos Trust filed a lawsuit to enforce the note in the Cook County Circuit Court.

37. Beginning in late 2017 and early 2018, the Debtor's name was replaced by Karem Abdullah's on the license materials and by Defendants Osama Hallak and Ahmad Hallak on the Secretary of State filings.

38. Defendants Osama Hallak and Ahmad Hallak are the Debtor's nephews.

39. The use of these names was a deliberate effort conceal the Debtor's continued interest in and control of the Property.

40. From early 2018 forward, Defendants Osama Hallak, Ahmad Hallak, and Syed contributed to the filing of forms and took other acts designed to mislead the Debtor's creditors about the Debtor's continued involvement with the Property.

41. On April 26, 2018, the Spyropoulos Trust conducted an examination of the Debtor. During the exam, the Debtor was adamant that he had nothing to do with the Property or Elegant Properties after 2004.

42. On December 4, 2019, the Spyropoulos Trust obtained a verdict and judgment against the Debtor in the note case in the amount of $11,082,995.50.

43. On May 7, 2020, notwithstanding the Debtor's claimed lack of involvement with the Property, the Debtor filed an appeal of the property tax assessment for the Property. The appeal asserted that the Debtor owned the Property.

44. On July 30, 2020, as part of the tax appeal, an appraisal letter was submitted stating the appraisal was prepared for the Debtor and stated that the Debtor was the current owner of the Property.

45. On May 5, 2021, Elegant Properties transferred the Property to Defendant 9856 South Cicero, an entity owned by Defendant Kirmani, for $670,000.00, which is less than half the amount of what a third-party had paid for the Property in 2005. Defendants Osama Hallak and Ahmad Hallak executed the warranty deed transferring the Property on behalf of Elegant Properties.

46. On May 11, 2021, Elegant Properties loaned Defendant 9856 South Cicero $167,500, secured by a mortgage on the Property. The mortgage was at a 0.00% interest rate and purported to require monthly payments of $2,781.66 starting June 1, 2021 and ending June 1, 2026. Defendant Kirmani signed the mortgage document on behalf of 9856 South Cicero, as the sole member and managing member of the LLC. Defendant Syed – the Debtor's longtime business associate – signed the mortgage document on behalf of Elegant Properties.

47. Despite the purported transfer of the Property by Elegant Properties to Defendant 9856 South Cicero in 2021, on March 1, 2023, the Debtor signed another tax appeal of the 2019 taxes on the Property.

48. In this same period, the Debtor's longtime business associate, Syed, performed acts and made orders on behalf of the business conducted at the Property, indicating that the Debtor continued to control it.

49. On August 6, 2024, Kirmani took out a $14 million loan, secured by mortgages on several properties, including the Property.

50. Also on August 6, 2024, Defendant Osama Hallak signed a release of the 2021 Elegant Properties mortgage on the Property.

51. Upon information and belief, Kirmani used a portion of the $14 million loan proceeds to pay off the Elegant Properties mortgage. To the extent that Kirmani did not pay off the Elegant Properties mortgage, then Elegant Properties did not receive consideration for its release of the mortgage.

## COUNT I

### Declaratory Judgment
### (Against Elegant Properties)

52. The Trustee repeats and realleges the allegations in paragraphs 1 to 52 as if fully set forth herein.

53. Defendant Elegant Properties was and is completely dominated and controlled by the Debtor, such that it has no separate existence of its own.

54. Defendant Elegant Properties is therefore the Debtor's alter ego.

WHEREFORE, the Trustee requests that the Court enter a declaration that Elegant Properties was and is the Debtor's alter ego, and that transfers from Elegant Properties were and are transfers directly from the Debtor.

## COUNT II

**Turnover under 11 U.S.C. §§ 542 & 550 and 740 ILCS 160/5 & 740 ILCS 160/6**
**(Against Elegant Properties and unknown transferees)**

55. The Trustee repeats and realleges the allegations in paragraphs 1 to 55 as if fully set forth herein.

56. Because Elegant Properties was and is the Debtor's alter ego, all amounts obtained pursuant to the sale and in payment of the mortgage given to 9856 South Cicero were and are property of the Debtor.

57. On information and belief, subsequent transferees of such amounts took with actual knowledge that the funds were fraudulently transferred from the Debtor, either with intent to defraud the Debtor's creditors or for less than reasonably equivalent value at the time when the Debtor was insolvent or under circumstances in which the Debtor became insolvent as a result of the transfer(s).

WHEREFORE, the Court should order turnover under 11 U.S.C. § 542 of all payments received by Elegant Properties pursuant to the sale and in payment of the mortgage given to 9856 South Cicero as property of the Estate, and all such amounts wrongfully transferred to subsequent transferees.

## COUNT III

**Avoidance of actual fraudulent transfer under 11 U.S.C. § 544 and 740 ILCS 160/5**
**(Against 9856 South Cicero)**

58. The Trustee repeats and realleges the allegations in paragraphs 1 to 58 as if fully set forth herein.

59. In purportedly conveying the Property to 9856 South Cicero, the Debtor (through his alter ego Elegant Properties) acted with actual intent to hinder, delay, or defraud his creditors.

8

60. Therefore, any transfer to 9856 South Cicero was an avoidable transfer within the meaning of 740 ILCS 160/5(a)(l), is subject to avoidance by the Trustee under 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the transfer if it is avoided, under 740 ILCS 160/5 and 11 U.S.C. § 544.

WHEREFORE, the Trustee requests that the Court avoid any transfer of the Property to 9856 South Cicero and enter judgment in his favor for the value of the transfer against 9856 South Cicero, plus interest and all other amounts allowable.

## COUNT IV

### Avoidance of constructive fraudulent transfer under 11 U.S.C. § 544 and 740 ILCS 160/6 (Against 9856 South Cicero)

61. The Trustee repeats and realleges the allegations in paragraphs 1 to 61 as if fully set forth herein.

62. 9856 South Cicero did not provide reasonably equivalent value for the Property. In fact, it provided less than half what the Property sold to a third party for in 2005.

63. The Debtor was insolvent at the time of the transfer from his alter ego, Elegant Properties, to 9856 South Cicero, or the Debtor became insolvent as a result of the transfer.

64. Therefore, any transfer to 9856 South Cicero was an avoidable transfer within the meaning of 740 ILCS 160/6, is subject to avoidance by the Trustee under 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the transfer if it is avoided, under 740 ILCS 160/6 and 11 U.S.C. § 544.

WHEREFORE, the Trustee requests that the Court avoid any transfer of the Property to 9856 South Cicero and enter judgment in his favor for the value of the transfer against 9856 South Cicero, plus interest and all other amounts allowable.

## COUNT IV

### Aiding and Abetting Fraudulent Transfer
### (Against Defendants Osama Hallak, Ahmad Hallak, Syed, and Kirmani)

65. The Trustee repeats and realleges the allegations in paragraphs 1 to 65 as if fully set forth herein.

66. Defendants Osama Hallak, Ahmad Hallak, Syed and Kirmani knowingly aided and abetted the Debtor, Elegant Properties, and Defendant 9856 South Cicero LLC in fraudulently transferring the Property to 9856 South Cicero LLC.

WHEREFORE, the Trustee requests that the Court enter judgment in his favor against Defendants Osama Hallak, Ahmad Hallak, Syed, and Kirmani in an amount to be proven at trial, plus interest and other amounts allowable.

## COUNT V
### Declaratory Judgment
*In the alternative to Counts III & IV*
### (Against 9856 South Cicero)

67. The Trustee repeats and realleges the allegations in paragraphs 1 to 67 as if fully set forth herein.

68. 9856 South Cicero was and is a straw purchaser possessing mere naked title to the Property while the Debtor continues to exercise powers and responsibilities associated with the Property.

69. Defendant 9856 South Cicero did not pay fair value for the Property.

70. Defendant 9856 South Cicero's intent was to hold legal title to the Property, while the Debtor continues to retain all equitable interests.

71. On the Petition Date, the Debtor had equitable interests in the Property.

72. Under Illinois law when a title holder holds title to property for the benefit of someone else, the title holder is a nominee that holds such property in a resulting trust.

73. Under Section 541 of the Bankruptcy Code, the Property is therefore property of the Estate.

WHEREFORE, the Trustee requests that the Court enter a declaration that the Property is and always has been property of the Estate under Section 541 of the Bankruptcy Code.

Dated: May 27, 2025

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate

By: _____/s/ Jonathan M. Cyrluk_____
Jonathan M. Cyrluk

*Counsel to Chapter 7 Trustee Gus A. Paloian*

Jonathan M. Cyrluk
Steven C. Moeller
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
312-777-4300 (tel)
312-777-4839 (fax)
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

David A. Beck*
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
614-365-4100 (tel)
614-365-9145 (fax)
beck@carpenterlipps.com

*Special counsel to Chapter 7 Trustee Gus A. Paloian*

*Admitted Pro hac vice